UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **GOODLUCK MAFFIKIRI MELCHIORY** | * | **CIVIL ACTION NO.  14-0169**<br>Section P |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **ERIC HOLDER, JR., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Before the court is a "Motion to Dismiss" [doc. # 11] filed by respondents.  Pursuant to Standing Order 3.311 and 28 U.S.C. § 636(b)(1)(B), the District Court referred the motion to the undersigned magistrate judge for report and recommendation.  For reasons explained below, it is recommended that the motion to dismiss be GRANTED, and that the petition be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

<u>Background</u>

Goodluck Melchiory filed the instant pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on February 3, 2014.  At the time of filing, petitioner was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE).  He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana, awaiting removal to his native country.  Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), petitioner argued that his continued detention in excess of six months violated his constitutional rights.

In light of the facts alleged by petitioner, the court ordered the government to respond to the petition.  (Feb. 24, 2014, Mem. Order [doc. # 2]).  On April 10, 2014, the government filed

its response, together with evidence that petitioner was scheduled to be released from custody that same date. See Gov.'t Response [doc. # 10]. On April 11, 2014, the government followed up its response with the instant motion to dismiss the petition as moot. In support of its motion, the government submitted a printout from petitioner's alien file which included notations that he had been released from custody on April 9, 2014. See M/Dismiss, Gov.'t. Exh. A; see also Gov.'t Response, Exh. A [doc. # 10].

The briefing deadline has since lapsed, but petitioner did not file a response. Indeed, the postal service returned the Notice of Motion Setting issued by the Clerk of Court with the following notation, "Return to Sender – Not Deliverable as Addressed – Unable to Forward." [doc. # 13]. Accordingly, the motion is deemed unopposed. (Notice of Motion Setting [doc. # 12]). The matter is now before the court.

## Law

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id*. Pursuant to Rule 12(b)(1), "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citation and internal quotation marks omitted). Furthermore, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941(5th

Cir. 2013) (citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

In addition, mootness constitutes a threshold jurisdictional inquiry. *Louisiana Environmental Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580-81 (5th Cir. 2004) (citation omitted). If the parties resolve a dispute, or if the dispute disappears because of changed circumstances, then the matter becomes moot and a case or controversy no longer exists. *See LEAN, supra; Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999). "The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests." *Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461 (1937)). The court lacks jurisdiction when plaintiff fails to satisfy Article III's "case or controversy" requirement. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

## Analysis

A petition for writ of habeas corpus under 28 U.S.C. § 2241 presupposes that the petitioner is "in custody." *See* 28 U.S.C. § 2241(c). "Although an applicant need not be in actual physical custody to pursue a habeas action, there must be some type of restraint on the liberty of a person." *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (citations omitted). Here, the evidence uniformly establishes that petitioner no longer resides in respondents' custody. Furthermore, because the only relief sought by petitioner was his immediate release from

custody, the undersigned concludes that petitioner's challenge to his post-removal-order detention does not present a justiciable case or controversy; therefore, the court lacks subject matter jurisdiction. In the absence of subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(b)(1). Accordingly,

IT IS RECOMMENDED that respondents' motion to dismiss [doc. # 11] be GRANTED, and that the Petition for Writ of Habeas Corpus be DISMISSED, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 7th day of May 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE